## HEIRS OF BREWTON v. DRIVER.

1. No relief can be had upon a bill, the equity of which depends on a written contract, executed to another person, without its production, or establishing its loss, or accounting for its non-production, and proof of its contents. When the equity is derived from a bond for title to land, alledged to have been executed to a third person, if he is dead, his heirs are necessary parties.

Error to the Chancery Court of Benton. Before the Hon. W. W. Mason, Chancellor.

S. F. RICE, for plaintiff in error.

L. E. PARSONS, contra.

DARGAN, J.—The heirs of Brewton file their supplemental bill, praying for the specific performance of a contract for the sale of a quarter section of land.

The bill alledges that Cecil Brewton purchased the land of Rezen R. Chilton, and received from him a bond for title. That Chilton derived his title from McReynolds, who purchased of Jesse Duren, who was the agent of Eli M. Driver, in whom was vested the legal title. That Duren was authorized to sell, and that his sale was ratified by Driver. That the legal title is still in Driver, and the bill further prays, that it be divested out of him, and vested in complainants.

It is alledged in the bill, that McReynolds is dead, and his heirs are not made parties. The terms of the contract between McReynolds and Duren are not shown by the bill, nor is the contract by which Chilton became entitled to the equity in said land, set out.

The answer of Driver shows, that the legal title is in him, but he denies that Duren had the authority to sell, or that he ratified the sale.

Many witnesses were examined, and it appears from the proof, that McReynolds held a bond for title executed by Duren, as the agent of Driver and Moore, but the bond is not produced, or its absence accounted for. The testimony also shows, that McReynolds executed his bond for titles to the land to one McCampbell; but this bond is not produced, nor its absence accounted for. McCampbell, it appears, executed a bond for title to Patillo Chilton, and the witness heard him say that he had sold the land to Rezen R. Chilton. The only written evidence of title or claim produced at the hearing, is the bond of Rezen R. Chilton to Brewton.

The view we take of the case, renders it unnecessary to examine many of the questions raised upon the briefs.

The only equity that complainants can have against Eli M. Driver, consists in the bond for titles stated by the witness to have been executed by Jesse Duren, to McReynolds, even if Driver is bound by it; but this bond is not produced, nor are the heirs of McReynolds made parties.

The bare statement of these facts shows, that relief cannot be granted to the complainants. Their equity depends on a written contract, to wit, the bond executed to McReynolds. That parol proof cannot be admitted to supply its place, without first establishing its loss, or destruction, or some sufficient reason for its non-production, is a proposition so plain, that reference to authority to support it is unnecessary. Hence the record shows no legal evidence whatever, that McReynolds ever had an equitable title to the land, and as the complainants claim the title of McReynolds, it was incumbent on them to prove it.

There is no error in the decree dismissing the bill, and therefore it is affirmed.

CHILTON, J., not sitting.